UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES RANDALL THOMPSON                    CIVIL ACTION

VERSUS                                    NUMBER 06-920-RET-DLD

SYSCO CORPORATION

### REPORT AND RECOMMENDATION

This matter is before the court on several related motions: defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and/or for Summary Judgment Pursuant to Rule 56 (rec. doc. 12); plaintiff's Motion to Continue Defendant's Motion to Dismiss Pursuant to Rule 56(f)(rec. doc. 17); and plaintiff's Motion for Leave to Amend (rec. doc. 19). The motions are all opposed.

*Background*

Plaintiff filed suit in federal court alleging that his employer, Sysco Corporation, discharged him in violation of federal and state employment laws, including*, inter alia,* 28 U.S.C. §2611, et seq., the Family and Medical Leave Act (FMLA); 28 U.S.C. §12101, et seq., the Americans with Disabilities Act (ADA); and La. R.S. 23:323, et seq., the Louisiana Employment Discrimination Law (LEDL).

According to the allegations of the complaint, the plaintiff worked as a Senior Programmer Analyst for Sysco Corporation. The plaintiff performed his employment duties primarily at his home in Springfield, Louisiana, and reported electronically to his superiors in Houston, Texas. In December 2004, the plaintiff reported to his manager and team leaders that his mother, brother, niece were all diagnosed with bipolar disorder, and he intended to seek a psychiatric evaluation to determine whether he, too, was bipolar. On

February 6, 2005, plaintiff's wife suffered a miscarriage, and the plaintiff took February 7, 2005, off of work. During this day, a conflict arose between the plaintiff and his coworkers or supervisors. On February 8, 2005, plaintiff checked himself into an inpatient mental hospital and was diagnosed with bipolar disorder. He was released from the hospital and went back to work on February 14, 2005, but was advised that he was suspended from work on February 15, 2005, and was terminated on February 24, 2005, for the stated reason of poor communication skills. The plaintiff filed suit on December 4, 2006.

***Argument of Parties***

In its motion to dismiss, or for summary judgment, the defendant argues that plaintiff's claims under the FMLA and LEDL should be dismissed because the plaintiff does not qualify as an eligible employee under the FMLA, and the defendant is not an employer under the LEDL. Additionally, defendant argues that the plaintiff's LEDL claims have prescribed. Defendant does not address the ADA claim or the state law abuse of right claim.

In brief, defendant argues that the plaintiff is not an eligible employee under the FMLA because defendant did not employ at least 50 employees at or within seventy-five road miles of the plaintiff's worksite, his home in Springfield, Louisiana.[1]  Similarly, defendant argues that it is not an "employer" under the LEDL because the LEDL defines an "employer" as one who "employs twenty or more employees within this state for each

---

[1]*Memorandum in Support of Sysco Corporation's Rule 12(b)(6) Motion to Dismiss and/or for Summary Judgment* (rec. doc. 13), p. 5, citing *Bellum v. PCE Constructors, Inc.*, 407 F.3d 734, 738-40 (5th Cir. 2005); *Hummeny v. Genex Corp.*, 390 F.3d 901, 904-06 (6th Cir. 2004); *Yanke v. Mueller Die Cut Solutions, Inc.*, 2007 WL 437694, at *10 (W.D.N.C. 2007).

working day in each of twenty or more calendar weeks in the current or preceding calendar year."[2] In support of its argument that its does not hire the requisite number of employees in the applicable geographical area for coverage under the FMLA or the LEDL, defendant attached the Declaration of Michael Turk, Sysco Corporate Human Resources Director,[3] who declared, *inter alia*, that defendant Sysco Corporation, of whom the plaintiff was an employee, was the Houston, Texas, based parent corporation, separate and distinct from its operational subsidiaries, and that it never employed the requisite number of employees in Louisiana to fit either the FMLA or LEDL's statutory scheme.

The defendant also argues that the plaintiff's claims under the LEDL have prescribed. Plaintiff's claims are based on his termination on February 24, 2005, and under the LEDL, which has a prescriptive period of one year, plaintiff was required to file his complaint by February 24, 2006. Defendant acknowledges that La. R.S. 23:301, *et seq.*, permits the suspension of prescription while administrative review is pending, but argues that this suspension is allowed only for a maximum of six months. Therefore, defendant argues, at most, plaintiff was allowed until October 24, 2006, to file his claim, but he did not file until December 4, 2006.[4]

In opposition to the motion to dismiss, plaintiff filed a Motion for Leave to Amend his complaint to add multiple Sysco subsidiaries, who "share interrelation of operations,

---

[2] *Memorandum in Support of Sysco Corporation's Rule 12(b)(6) Motion to Dismiss and/or for Summary Judgment* (rec. doc. 13), p. 8, citing La. R.S. 23:302(2).

[3] See Exhibit A to *Memorandum in Support of Sysco Corporation's Rule 12(b)(6) Motion to Dismiss and/or for Summary Judgment* (rec. doc. 13).

[4] By the court's count, the 18 month period would be August 24, 2006, not October 24, 2006, but in any case, the complaint was filed after both of these dates.

centralized control of labor relations, common management, and common ownership or financial control such that they collectively constitute a 'single business enterprise' as that term is defined in *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983)."[5] Plaintiff argues that the plaintiff worked for this business enterprise, and that this business enterprise employed a sufficient number of employees in the requisite geographic vicinity to afford coverage to the plaintiff under both the FMLA and the LEDL.

The plaintiff also filed a Motion to Continue Defendant's Motion to Dismiss Pursuant to Rule 56(f), in which the plaintiff argues that there has been no discovery engaged in yet by the parties, so that he has had no opportunity to gather firsthand information about the business structure of the defendant. The plaintiff argues that the defendant has the necessary information about the working relationships between the parent and subsidiaries, and the number and location of their employees, which information the plaintiff needs to adequately oppose the motion to dismiss. Plaintiff also submitted a Statement of Contested Material Facts in which he stated that Sysco Corporation did have employees of the requisite number and geographic locale, and that Sysco Corporation was a component of a larger business enterprise, composed of the businesses sought to be added by the amended complaint. The plaintiff did not specifically oppose the defendant's argument that his claims under the LEDL were prescribed, nor argue that he needed more information to counter this argument.

The defendant opposed both the motion to amend and the motion to continue the motion to dismiss, arguing that the plaintiff should not be allowed to "blindly name" six

---

[5] *Motion for Leave to Amend* (rec. doc. 19), p. 2, 3.

additional defendants, and "then conduct discovery to determine if there is any factual support for suing them."[6] The defendant argues that, at most, the plaintiff "should be permitted to depose Mr. Turk regarding the facts in his Declaration."[7] The defendant also argues that by failing to address the argument that plaintiff's LEDL claims have prescribed, the plaintiff has conceded same.

***Applicable Law and Discussion***

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff, taking all facts plead as true. *E.g., Leleux v. United States*, 178 F.3d 750, 754 (5th Cir.1999). A Rule 12(b)(6) motion is viewed with disfavor and rarely granted. *Id.* A complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Id.* Federal pleading rules require only that the complaint give a defendant adequate notice of the nature of the plaintiff's case, and each jot and tittle of the factual particulars need not be alleged. See, *e.g., Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277-78 (5th Cir.1990). Consequently, on a Rule 12(b)(6) motion the Court must go much further than merely accept the facts of the complaint; and it may not dismiss unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle it to relief. *Id.*

---

[6]*Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint and Motion to Continue Defendant's Motion to Dismiss* (rec. doc. 21), p. 4.

[7]*Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint and Motion to Continue Defendant's Motion to Dismiss* (rec. doc. 21), p. 5, FN 7.

Summary judgment is appropriate when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Lemaire v. Louisiana Department of Transportation and Development,* 480 F.3d 383 (5th Cir. 2007), citing Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *LeMaire*, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial. *Id.*  This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  In considering a summary judgment motion, all facts and evidence must be taken in light most favorable to the non-movant. *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).  The court may not make credibility findings, weigh the evidence, or resolve factual disputes.  *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513, citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110 (2000); see also *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

> Federal Rule of Civil Procedure Rule 56(f) provides as follows:
>
> Should it appear from the affidavits of the party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
> In this matter, the plaintiff has not had opportunity to discover the business structure

of defendant Sysco, so as to mount an argument, with adequate factual support, that Sysco

Corporation and its several other related entities actually form a single business enterprise, of which defendant was an employee. This information is critical to making a determination as to whether or not the plaintiff is an eligible employee under the FMLA. As plaintiff argues, this information is in the possession of named defendant Sysco Corporation, and the other entities that plaintiff seeks to add as defendants. Therefore, it is appropriate pursuant to Fed. R. Civ. P. Rule 56(f) that the motion for summary judgment either be denied or continued until discovery regarding the business structure of the defendant, or defendants, is had.

Regarding the motion to amend to add additional defendants, the scheduling order deadline for amendment of pleadings had not yet passed at the time of the request for leave to amend. Therefore, leave to amend pleadings is governed by the liberal standard of Federal Rule of Civil Procedure 15(a), which states that leave to amend "shall be freely given when justice so requires." The plaintiff should be allowed to name as additional defendants the business entities that it alleges are related to and form a single business enterprise with Sysco Corporation.

While the motion to dismiss or for summary judgment on the federal FMLA claim should not be ruled on at this time, for the reasons given above, the plaintiff has not opposed the defendant's motion to dismiss the LEDL claims on the basis of prescription.

La. R.S. 23:303(D) reads as follows:

Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.

The plaintiff's claims are based on his termination on February 24, 2005, but he did not file suit until December 4, 2006, more than 21 months later. Under La. R.S. 23:303(D), at most, the plaintiff had eighteen months to file suit, including the maximum 6 month suspension of prescription for administrative proceedings. On the face of the complaint, as argued without opposition by the defendant, and by the court's own calculation, the claims under the LEDL have prescribed. Therefore, the court will recommend that the state law claims be dismissed as prescribed.

*Conclusion*

For the reasons given above,

**IT IS THE RECOMMENDATION OF THE COURT** that

1) Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and/or for Summary Judgment Pursuant to Rule 56 (rec. doc. 12) be **GRANTED IN PART AND DENIED IN PART AS FOLLOWS:**

    A) The LEDL claims be dismissed with prejudice;

    B) The remaining requests for relief be **DENIED** without prejudice to refile after appropriate discovery has taken place;

2) Plaintiff's Motion to Continue Defendant's Motion to Dismiss Pursuant to Rule 56(f)(rec. doc. 17) be **GRANTED**; and

3) Plaintiff's Motion for Leave to Amend (rec. doc. 19) be **GRANTED**.

Signed in Baton Rouge, Louisiana, on December 4, 2007.

**MAGISTRATE JUDGE DOCIA L. DALBY**

-9-

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES RANDALL THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 06-920-RET-DLD** |
| **SYSCO CORPORATION** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 4, 2007.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**